## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDRIA STOCKMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC,<br><br>Defendant. | CASE NO. 1:23-cv-1510<br><br>REMOVED FROM CASE NO. 2023CH01041 IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS |

## NOTICE OF REMOVAL

Defendant Massage Envy Franchising, LLC ("MEF") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(c), and hereby notifies this Court that it is removing the above-captioned case currently pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, MEF states as follows:

**I.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

1.    The underlying action is captioned as *Alexandria Stockman v. Massage Envy Franchising, LLC*, docketed as Case No. 2023CH01041 in the Circuit Court of Cook County, Illinois (the "State Court Action").

2.    Plaintiff filed her complaint ("Compl.") in the State Court Action on February 2, 2023, and served MEF on February 10, 2023.[1]

---

[1] Annexed hereto are all documents filed in the State Court Action: (i) the Complaint and all exhibits thereto (Exhibit 1), (ii) the Summons (Exhibit 2), (iii) plaintiff's counsel's Appearance and Jury Demand (Exhibit 3), (iv) the Affidavit of Process Server (Exhibit 4); and (v) plaintiff's Motion for Class Certification and all exhibits thereto (Exhibit 5).

3. Plaintiff alleges that she obtained a membership at a Massage Envy clinic located in Chicago, Illinois, and signed an authorization permitting monthly withdrawal of her membership fees through her credit card or debit card via EFT or ACH transactions. *See* Compl. ¶¶ 8, 9, 22.

4. Plaintiff contends that when she decided to end her membership, she initially "was unable to find any mechanism for cancelling" her membership through her online account. *Id.* ¶ 15. Shortly thereafter, plaintiff alleges she "used [MEF]'s website to cancel her membership and expressly withdrew consent to further electronic funds transfers[.]" *Id.* ¶ 19. However, according to the complaint, following her cancellation, "a payment of $75.00" was charged to plaintiff's account. *Id.* ¶ 23.

5. Based on these allegations, plaintiff asserts claims against MEF alleging violations of "the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq." and "the Illinois Consumer Fraud Act, 815 ILCS § 505." Compl. pg. 1; *see id.* ¶¶ 48-74.

## II. THE COURT'S JURISDICTION OVER THIS MATTER

6. This action is removable on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c) because it is a civil action arising under federal law.

7. This Court also has supplementary jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. §§ 1367(a) and 1441(c) because it has original jurisdiction over plaintiff's federal law claim.

8. Plaintiff expressly alleges that her first cause of action is brought pursuant to a federal statute – "the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq." Compl. pg. 1; *see also id.* ¶ 49. When even one claim "arises under federal law, the court has jurisdiction over it under 28 U.S.C. § 1331 and supplementary jurisdiction over the remaining claims under 28 U.S.C.

§ 1367." *Driverdo LLC v. JP Morgan Chase Bank, N.A.*, 2020 WL 13444240, at *1 (N.D. Ill. Oct. 21, 2020); *see Abhyankar by Behrstock v. JPMorgan Chase & Co.*, 2019 WL 6170057, at *1 (S.D.N.Y. Nov. 19, 2019) ("[B]ecause the Complaint brought a claim under the Electronic Funds Transfer Act, 15 U.S.C. § 1693h, the Court had federal question jurisdiction at the time of removal. The Court is therefore satisfied that there is subject matter jurisdiction under 28 U.S.C. § 1331.").

9. Accordingly, removal of the State Court Action to this Court is proper.

### III. ADDITIONAL PROCEDURAL MATTERS

10. This Notice of Removal is timely because it was filed "within 30 days after" MEF was served with the complaint in the State Court Action. 28 U.S.C. § 1446(b)(2)(B).

11. The United States District Court for the Northern District of Illinois is the federal judicial district encompassing Chicago, Illinois. Therefore, venue lies in this Court. 28 U.S.C. § 1441(a).

12. This Notice of Removal is accompanied by the complaint and all other filings that have been filed to date in the State Court Action. *See* Exhibits 1-5. Upon filing this Notice of Removal, MEF will provide prompt written notification to plaintiff's counsel and will file a notice, attaching a copy of this Notice of Removal, with the Clerk of Court for the Circuit Court of Cook County, Illinois.

### IV. NON-WAIVER

13. By filing this Notice of Removal, MEF does not waive, but rather expressly reserves, all rights, defenses, and objections of any nature that it may have to plaintiff's claims, including all defenses related to venue and jurisdictional defects, and related to its right to require plaintiff's claims to be resolved in individual arbitration, pursuant to the mandatory binding arbitration and class action waiver clause in plaintiff's contract with MEF, a copy of which plaintiff

annexed to her complaint. *See* Compl. Ex. A. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131-32 (3d Cir. 2020) ("On removal, a defendant brings its defenses with it to federal court. This is because '[t]he [federal court's] jurisdiction exercised on removal is original not appellate.' Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal.") (internal citations omitted).

**V.     CONCLUSION**

WHEREFORE, MEF removes the underlying case and preserves all rights and defenses.

Dated: Chicago, Illinois      DLA PIPER LLP (US)
March 10, 2023

By:   */s/ Kenneth L. Schmetterer*
Kenneth L. Schmetterer (IL-6201860)
kenneth.schmetterer@us.dlapiper.com

John Verhey (IL-6199571)
john.verhey@us.dlapiper.com
Yan Grinblat (IL-6328805)
yan.grinblat@us.dlapiper.com
444 W. Lake Street
Chicago, Illinois 60606-0089
312.368.4000

*Attorneys for Defendant*
*Massage Envy Franchising, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of March 2023, I electronically filed the foregoing **Notice of Removal** using the court's electronic filing system. Notice of this filing was sent via e-mail and first-class mail to the following counsel of record:

| | |
|---|---|
| Seth McCormick | Michael Wood |
| GRERAT LAKES CONSUMER LAW | Celetha Chatman |
| FIRM, LLC | COMMUNITY LAWYERS, LLC |
| 73 W. Monroe St., Suite 100 | 980 N. Michigan Ave., Suite 1400 |
| Chicago, IL 60603 | Chicago, IL 60611 |
| (312) 971-6787 | (312) 757-1880 |
| seth@glclf.com | cchcatman@communitylawyersgroup.com |

                                             */s/ Kenneth L. Schmetterer*
                                              Kenneth L. Schmetterer