UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA STOCKMAN, on behalf of herself and all other similarly situated, ) ) ) PLAINTIFF, ) ) v. ) ) MASSAGE ENVY FRANCHISING, LLC. ) ) DEFENDANT. ) | Civil Action No. 23-cv-01510 Hon. John F. Kness |

**JOINT INITIAL STATUS REPORT**

Alexandria Stockman ("Plaintiff") and Massage Envy Franchising, LLC ("Defendant") submit their Joint Initial Status Report pursuant to the Court's March 14, 2023 Minute Entry Order [ECF No. 7].

**I.  The Nature of the Case**

    **A.  Attorneys of Record**

        For The Plaintiff

        Seth McCormick
        ***Great Lakes Consumer Law Firm, LLC***
        73 W. Monroe St., Suite 100
        Chicago, IL 60603
        P: (312) 971-6787
        E: seth@glclf.com

        Michael Wood
        Celetha Chatman
        ***Community Lawyers, LLC***
        980 N. Michigan Avenue, Suite 3100
        Chicago, IL 60611
        Ph: (312)757-1880
        Fx: (312) 476-1362
        mwood@communitylawyersgroup.com
        cchatman@communitylawyersgroup.com

    For The Defendant
    Kenneth L. Schmetterer
    John Verhey
    Yan Grinblat
    ***DLA Piper LLP***
    444 West Lake St., Suite 900
    Chicago, Illinois 60606
    kenneth.schmetterer@us.dlapiper.com
    john.verhey@us.dlapiper.com
    yan.grinblat@us.dlapiper.com

**B.**   **Jurisdiction**:

  i.   The Court has jurisdiction over Plaintiff's claim under the Electronic Funds Transfer Act, § 1693 *et seq*. ("EFTA") pursuant to 28 U.S.C. §§ 1331 and 1441(c) because Plaintiff asserts a civil claim under federal law. The Court has supplementary jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §§ 1367(a) and 1441(c) because it has original jurisdiction over Plaintiff's federal law claim.

**C.**   **Nature of the Claims**:

  i.   Plaintiff alleges that Defendant violated 15 U.S.C. § 1693e(a) by executing a payment after Plaintiff gave notification in writing withdrawing her consent to preauthorized electronic fund transfer.

  ii.   Plaintiff also alleges that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq*. ("ICFA") based on its use of negative option notice and other bars to cancellation of Plaintiff's membership.

  iii.   Both the EFTA claim and the ICFA claim are brought on a class basis.

  iv.   Defendant has moved to compel individual arbitration, denies that Plaintiff may pursue her claims in court, denies that Plaintiff may bring these claims on a class basis, denies Plaintiff's allegations, denies any liability, and denies Plaintiff's entitlement to relief.

  v.   No counterclaims are alleged.

**D.**   **Major Legal Issues in the Case**

  a.   **For the Plaintiff**:

    i.   Whether Defendant received notice of Plaintiff withdrawing her consent to charge her account.

2

      ii.    Whether Defendant's membership cancellation policies violate consumer protection laws.

      iii.    Whether Plaintiff meets the criteria to confirm the EFTA class and/or the ICFA class.

      iv.    Plaintiff asserts another issue is whether Defendant waived its right to compel arbitration by refusing to participate in arbitration when Plaintiff notified it of a pending arbitration.

b.    **For the Defendant**:

      i.    Whether this case should be stayed until Plaintiff arbitrates this case pursuant to her arbitration agreement with Defendant.

      ii.    Whether Plaintiff has failed to state a claim upon which relief can be granted.

      iii.    Whether the class action waiver in Plaintiff's contract with Defendant bars Plaintiff's class claims, or Plaintiff otherwise satisfies the criteria for class certification.

E.    **Major Factual Issues in the Case**

a.    **For the Plaintiff**:

1. Whether Defendant received notice of Plaintiff withdrawing consent.

2. Whether Defendant executed payment after receiving notice of withdrawal of consent.

3. Plaintiff's efforts to cancel her membership and Defendant's refusal to allow her to cancel.

4. The number and amount of payments extracted from Plaintiff after she attempted to cancel her membership.

5. Defendant's policies and procedures related to membership cancellation, and whether those policies were followed.

6. The viability of the EFTA class and the ICFA class.

7. Whether Defendant has the right to compel arbitration.

3

    b. **For the Defendant**:

1. Whether Plaintiff agreed that her claims against Defendant are subject to mandatory individual arbitration.

2. Whether Plaintiff agreed that her claims against Defendant may not be brought on behalf of a class.

3. Whether Plaintiff's membership was with an individual Massage Envy franchisee rather than Defendant.

4. Whether Plaintiff's payments were processed by an individual Massage Envy franchisee rather than Defendant.

5. Whether the responsibility to cancel memberships and stop payments was the responsibility of individual Massage Envy franchisees rather than Defendant.

**F.**    **Relief Sought**

i. Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1693m(a)(1) and 815 ILCS 505/10a(a); Statutory damages pursuant to 15 U.S.C. § 1693m(a)(2); costs and reasonable attorney fees pursuant to 15 U.S.C. § 1693m(a)(3) and 815 ILCS 505/10a(c); Punitive damages awardable under 815 ILCS 505/10(a); Granting equitable and injunctive relief to Plaintiff and the Class for Count II, including disgorgement and an accounting of all revenue gained by Defendant through its' unlawful conduct alleged in the Complaint pursuant to 815 ILCS 505/10a(c); and any other relief the Court deems equitable and just.

ii. Defendant seeks an order staying this case pending individual arbitration, and reserves the right to seek its reasonable costs and fees as may be warranted.

**G.**    **Service of Process**

i. All parties have been served.

**II.**   **Pending Motions and Case Plan**:

Defendant has filed a motion to compel arbitration, which is currently being briefed. The outcome of that motion will largely dictate the discovery and case management in this case.

A. **Plaintiff's Position:**

Plaintiff requests that the parties proceed with discovery on the below schedule.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | September 18, 2023 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | October 18, 2023 |
| Disclosure of Plaintiff's Expert Report(s) | N/A (Plaintiff Does Not Anticipate Expert Discovery) |
| Deposition of Plaintiff's Expert | N/A (Plaintiff Does Not Anticipate Expert Discovery) |
| Disclosure of Defendant's Expert Report(s) | N/A ( Plaintiff Does Not Anticipate Expert Discovery) |
| Deposition of Defendant's Expert | N/A (Plaintiff Does Not Anticipate Expert Discovery_ |
| Dispositive Motions | November 18, 2023 |

A. Plaintiff expects 3-4 depositions.

B. Plaintiff does not foresee any special issues during discovery.

C. The parties have discussed a discovery plan, but have not come to an agreement because the Parties do not agree whether discovery should proceed while the Court evaluates Defendant's motion to stay pending arbitration.

B. **Defendant's Position:**

Defendant requests that all discovery be stayed until the Court rules on Defendant's motion to stay pending arbitration.

III. **Trial**:

A. Plaintiff has requested a jury trial.

B. Plaintiff expects the trial to take 1-2 days.

5

  C. Defendant expects any trial to take 2-4 days.

IV. **Settlement, Referrals, and Consent**:

  A. Plaintiff has not made a class settlement demand as Defendant indicated that it believes it is the wrong party in this case and that class certification is inappropriate.

  B. The parties do not request a settlement conference at this time.

  C. The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent to that procedure.

V. **Other**:

  A. The Parties do not want to bring anything else to the Court's attention at this time.

**Dated: April 24, 2023**

/s/ *Seth McCormick*
Seth McCormick
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E: seth@glclf.com

Michael Wood
Celetha Chatman
***Community Lawyers, LLC.***
980 N. Michigan Avenue, Suite 3100
Chicago, IL 60611
Ph: (312)757-1880
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

*Counsel for Plaintiff*

/s/ *Kenneth L. Schmetterer*
Kenneth L. Schmetterer
John Verhey
Yan Grinblat
***DLA Piper LLP***
444 West Lake St., Suite 900
Chicago, Illinois 60606
kenneth.schmetterer@us.dlapiper.com
john.verhey@us.dlapiper.com
yan.grinblat@us.dlapiper.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I, Seth McCormick, an attorney, hereby certify that on April 24, 2023 I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                               /s/ *Seth McCormick*
                                                Seth McCormick