# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALEXANDRIA STOCKMAN, on behalf of herself and all others similarly situated,

        Plaintiff,

            v.

MASSAGE ENVY FRANCHISING, LLC,

        Defendant.

No. 23-cv-01510

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to stay the case and compel arbitration. For the reasons that follow, Defendant's motion to compel arbitration (Dkt. 10) is granted. The parties are directed to proceed to arbitration; in all other respects, the case is stayed pending resolution of the anticipated arbitration.

## I.    BACKGROUND

Plaintiff Alexandria Stockman obtained a membership at one of Defendant Massage Envy Franchising's locations in Illinois. (Dkt. 1-1 ¶¶ 4–5, 8.) Defendant is a franchisor that licenses its personal health brand to franchisees throughout the United States. (*Id.* ¶ 5.) Plaintiff obtained a membership at Defendant's Chicago Streeterville-River North location. (*Id.* ¶ 8.) As part of that process, Plaintiff was required to provide a credit card account to pay for the membership. (*Id.* ¶ 9.)

Defendant was authorized to withdraw the membership amount by means of an Electronic Funds Transfer or Automatic Clearinghouse withdrawal each month. (*Id.* ¶ 10.)

After being a member for some time and growing increasingly frustrated with Defendant's lack of openings, Plaintiff decided to cancel her membership. (*Id.* ¶¶ 13–14.) Yet when Plaintiff logged into her account, she was unable to find any mechanism for canceling the automatic payments she had originally set up. (*Id.* ¶¶ 9, 13, 15.) Plaintiff decided to contact Defendant, and on December 28, 2021, she used Defendant's feedback mechanism on its website to cancel her membership and withdraw consent to further electronic funds transfers. (*Id.* ¶¶ 18–20; *see also* at 23–24.) A representative of Defendant called Plaintiff on January 4, 2022 and left a voicemail message stating that Defendant wanted to discuss Plaintiff's "cancellation request." (*Id.* ¶¶ 21–22.) But Defendant charged Plaintiff anyway on February 2, 2022. (*Id.* ¶ 23.)

Plaintiff then filed this suit in the Circuit Court of Cook County, Illinois. (*Id.* at 2.) Defendant removed the case to federal court. (Dkt. 1.) In her complaint, Plaintiff alleges that Defendant (1) executed a payment after Plaintiff provided notice in writing that she withdrew her consent to the preauthorized electronic fund transfer, in violation of the Electronic Funds Transfer Act (Count I); and (2) Defendant committed deceptive and unfair acts in violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act (Count II). (Dkt. 1-1 ¶¶ 48–74.)

Defendant moves to stay the case and compel arbitration under the Federal

Arbitration Act ("FAA"), 9 U.S.C. §§ 3–4. (Dkt. 10 at 1.) According to Defendant, Plaintiff is subject to mandatory, binding arbitration under a written arbitration agreement. (Dkt. 11 at 6–7.) Plaintiff's suit should thus be stayed under the agreement because, Defendant contends, Plaintiff is not presently entitled to seek relief in this forum. (*Id.* at 7.) Plaintiff responds that she is not subject to the arbitration clause because Defendant waived its right to demand arbitration by its conduct. (Dkt. 16 at 1–2.) Plaintiff contends that the course of events between the parties show that Defendant waived its right to demand Plaintiff submit these claims through arbitration. (*Id.* at 10–12.)

## II.  LEGAL STANDARD

Under the FAA, mandatory arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA provides that, if an agreement is governed by a valid arbitration clause, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitrations." 9 U.S.C. § 3. If a party to a contract containing an arbitration clause attempts to avoid arbitration and files suit in the district court, the other party may move to stay or dismiss the action on the ground that the FAA requires the arbitration clause of the contract to be enforced. *Id.* (authorizing a motion to stay); *see also id.* § 4 (authorizing a petition to compel arbitration); *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007).

When a court determines that the making of the arbitration agreement is not at issue, the FAA requires the court to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *Volt Info. Sciences, Inc. v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 474–75 ("[Section 4] confers only the right to obtain an order directing that arbitration proceed in the manner provided for in [the parties'] agreement.") (quotation marks omitted).

As the Seventh Circuit has explained, the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements and questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005) (quotation marks omitted). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998) ("[O]nce it is clear that the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration.").

## III.    DISCUSSION

### A.    Plaintiff is Required to Arbitrate this Dispute.

Under the FAA, an arbitration clause in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Sections 3 and 4 of the FAA empower federal courts to stay litigation and compel

arbitration according to the terms of the parties' agreement. 9 U.S.C. §§ 3–4. Because "arbitration is a matter of contract," however, a federal court cannot require a party "to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (cleaned up). To compel arbitration under the FAA, this Court first must find that (1) a written arbitration agreement exists between the parties; (2) there is a dispute among the parties within the scope of the arbitration agreement; and (3) one of the parties is refusing to comply with the arbitration agreement by declining to participate in arbitration. *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 690 (7th Cir. 2005). The party opposing arbitration bears the burden of showing why the arbitration clause should not be enforced. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91–92 (2000).

Whether the parties have agreed to arbitrate is a question ordinarily answered by the court rather than by an arbitrator. *Cont'l Cas. Co.*, 417 F.3d at 730. Where the parties have agreed to arbitrate the question of arbitrability, however, a court must defer to the arbitrator, even where the substance of the argument for arbitrability is "wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).

Neither party disputes that there is an arbitration clause that applies, and that the agreement includes the right to have issues of arbitrability decided by an arbitrator rather than a court. (Dkt 11 at 1–2; Dkt. 16 at 6–8.) Plaintiff's sole argument is, instead, that Defendant waived its right enforce the arbitration by its

course of conduct. (Dkt. 16 at 7–11.) Defendant responds that issues of whether Defendant's course of conduct results in waiver are for the arbitrator to deicide. (Dkt. 11 at 16–18; Dkt. 18 at 6.)

As a general matter, a court must grant a motion to compel arbitration where the parties have a written arbitration agreement and the asserted claims are within its scope. 9 U.S.C. §§ 3–4; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). In other words, a court can only rule on certain "gateway" questions of whether the parties' dispute belongs in arbitration, and the Court cannot rule on the potential merits of the underlying claims. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

Following this principle, courts presume that issues of waiver are for the arbitrator to decide. *See Howsam*, 537 U.S. at 84 ("[T]he presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability.") (quotation marks omitted); *see also Cone*, 460 U.S. at 24–25 ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver . . . ."); *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 581 (7th Cir. 2006) (same). As the Seventh Circuit has recognized, there is a "strong federal policy favoring arbitration and that waiver of arbitration is not lightly to be inferred." *Midwest Window Sys., Inc. v. Amcor Indus., Inc.*, 630 F.2d 535, 536 (7th Cir. 1980). Accordingly, to resolve this question, the Court must assess the parties' arbitration agreement under Illinois law to determine whether this dispute

belongs in arbitration.

The language of the arbitration provision states:

This Binding Individual Arbitration Section governs all Disputes between you and any ME Entity. The term "Disputes" is to be given the broadest possible meaning that will be enforced and means any dispute, claim, or controversy of any kind between you and any of the ME Entities that arise out of or in any way relate to (1) your access to the Website and/or the Application(s); (2) your use of the Website and/or the Application(s); (3) the provision of content, services, and/or products on or through the Website, the Application(s) and/or the Service; (4) any product or service provided by or purchased from an independently owned and operated Massage Envy franchised location; and/or (5) this Agreement, including the validity, enforceability or scope of this Binding Individual Arbitration Section (with the exception of the Class Action Waiver clause below), whether based in contract, statute, regulation, ordinance, tort (including, but not limited to, fraud, misrepresentation, fraudulent inducement, or negligence), or any other legal or equitable theory. The term "Disputes" includes claims that arose or accrued before you assented to this Agreement. If you have a Dispute with any ME Entity that cannot be resolved through negotiation within the time frame described in the "Notice of Dispute" clause below, you and the ME Entity with which you have a Dispute agree to seek resolution of the Dispute only through arbitration of that Dispute in accordance with the terms of this Section, and not litigate any Dispute in court, except for those matters listed in the Exclusions from Arbitration clause. Arbitration means that the Dispute will be resolved by a neutral arbitrator instead of in a court by a judge or jury.

(Dkt. 1-1 at 17.)

The list of exceptions to mandatory arbitration reads:

You AND THE ME ENTITIES AGREE THAT the ONLY DISPUTES NOT COVERED BY THIS SECTION ARE (1) CLAIMS REGARDING the INFRINGEMENT, PROTECTION OR VALIDITY OF YOUR OR MEF, LLC'S TRADE SECRETS, COPYRIGHT, TRADEMARK OR PATENT RIGHTS AND (2) CLAIMS YOU choose to pursue in small claims court where jurisdiction and venue over MEF, LLC and you otherwise qualifies for such small claims court and where your claim does not include a request for any type of equitable relief.

(*Id.*)

7

This language does not change the presumption that an arbitrator, not the Court, should address Plaintiff's arguments regarding waiver. On the contrary, the contractual language suggests that the parties specifically reserved this issue for the arbitrator. As the Supreme Court has repeatedly stated, waiver is a *defense* to arbitration, and that defense should be decided by an arbitrator—not a court. *See, e.g.*, *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 34–35 (2014) ("courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration," and listing waiver as one such "procedural matter"); *Howsam*, 537 U.S. at 85 (same); *cf. Cone*, 460 U.S. at 24–25 ("The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

The parties' arbitration clause here contains broad language that mandates arbitration for any dispute over "this Agreement, including the validity, enforceability or scope of this Binding Individual Arbitration Section . . . whether based in contract, statute, regulation, ordinance, tort . . . or any other legal or equitable theory." (Dkt. 1-1 at 17.) This language demonstrates the parties' intent to arbitrate even issues that would otherwise be decided by a court. Whether Defendant's conduct displayed hostility towards resolving this dispute—and the arbitration process—is an issue of arbitrability.

8

In the light of the arbitration provision's breadth, any issue of waiver must be decided by an arbitrator. Because the parties agreed that any questions regarding arbitrability must be decided by an arbitrator, therefore, the Court directs them, under 9 U.S.C. § 4, to proceed to arbitration.

## IV. CONCLUSION

Defendant's motion to compel arbitration (Dkt. 10) is granted, and the parties are directed to proceed to arbitration in accordance with the terms of their agreement. This case shall be stayed pending the conclusion of arbitral proceedings.

SO ORDERED in No. 23-cv-01510.

Date: March 30, 2024

_____
JOHN F. KNESS
United States District Judge